**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

THORNTON PETERSON                                                          PETITIONER

V.                                             NO. 4:11CV00086-SA-JMV

WARDEN BRAND HUFFMAN, ET AL.                        RESPONDENTS

**REPORT AND RECOMMENDATION**

This matter is before the court on the pro se Petitioner's Motion for Judgment on the Pleadings (# 13). The matter has been referred to the undersigned United States Magistrate Judge for review and issuance of a report and recommendation. After due consideration, the court recommends that the Petitioner's Motion for Judgment on the Pleadings be denied as improvidently filed.

This is a habeas action commenced pursuant to 28 U.S.C. § 2254. The Rules Governing Section 2254 Cases in the United States District Courts do not contemplate motions for judgment on the pleadings. Although Rule 12 of those rules permits the court to apply the Federal Rules of Civil Procedure when appropriate, the instant motion seeks no greater relief than that sought in the underlying habeas petition. *See Jones v. Quarterman,* No. 3:07-CV-1984-P, 2008 WL 4602720, at *1 (N.D. Tex. October 14, 2008). Indeed, the Petitioner filed the instant "motion" as a combined filing with his traverse to the respondents' Answer. Moreover, this court's August 23, 2011 Order (Doc. 2) permitted only the filing of a traverse or reply by the petitioner following the filing of the Respondents' answer.[1] Therefore, because the Habeas Rules and this court's Order do not contemplate the motion filed by Petitioner, and the "motion" seeks essentially the same relief as the underlying habeas petition, it is recommended that the court deny the motion as improvidently filed in this habeas action.

---

[1] Uniform Local Civil Rule 81 provides that habeas actions are among those that "are governed by orders entered in the particular case itself."

The parties are referred to L. U. Civ. R. 72(a)(3) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen (14) days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 14th day of February, 2012.

/s/Jane M. Virden
UNITED STATES MAGISTRATE JUDGE