IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

THORNTON PETERSON                                                    PETITIONER

V.                                        CIVIL ACTION NO.:  4:11CV86-SA-JMV

WARDEN BRAND HUFFMAN and
ATTORNEY GENERAL OF THE STATE OF MISSISSIPPI          RESPONDENTS

## MEMORANDUM OPINION AND ORDER

Petitioner Thornton Peterson, Mississippi prisoner no. 28395, has filed a federal habeas petition pursuant to 28 U.S.C. § 2254 challenging his State court conviction for possession of cocaine with intent to distribute. Having considered the submission of the parties, the State court record, and the law applicable to Petitioner's claims, the Court finds that the petition should be denied.

## Background Facts[1] and Procedural History

On August 10, 2001, the Indianola Police Department served a search warrant for 407 Clay Street, Indianola, Mississippi. Petitioner was one of several people discovered inside the house. The house contained a room padlocked from the outside. When police pried open the padlock, they discovered nineteen grams of crack cocaine and three razor blades on a table inside of the room. Petitioner attempted to flee the house and was detained. A set of keys was removed from his pocket, and one of the keys opened the padlock to the room where the cocaine was found. Petitioner was subsequently indicted for the possession of nineteen grams of cocaine

---

[1] *See Peterson v. State*, 37 So. 3d 669 (Miss. Ct. App. 2010).

1

with the intent to distribute. He was charged as a subsequent offender under Miss. Code Ann. § 41-29-147 and as an habitual offender under Miss. Code Ann. § 99-19-81.

At Petitioner's trial, the jury heard testimony placing Petitioner at the house on Clay Street on numerous occasions, and a water department employee testified that water service to the house had been connected in Petitioner's name in 2000.[2] One of the tenants of the house, an admitted cocaine addict, testified that she sold drugs out of the house for Petitioner in exchange for drugs for her own use. The witness, who was given immunity in exchange for her testimony against Petitioner, testified that Petitioner did not reside at the house but came by often to do business. She also claimed that he was the only person who had a key to the padlocked room where the drugs were found, and that the room was off-limits to tenants.

On February 19, 2004, Petitioner was convicted of possession of cocaine with intent to distribute in the Circuit Court of Sunflower County, Mississippi, and was thereafter sentenced as an habitual offender to serve a term of sixty years in the custody of the Mississippi Department of Corrections. (*See* SCR vol. 1, 78-79). Petitioner filed a motion for a new trial, or alternatively, for a judgment notwithstanding the verdict. The motion was denied by the circuit court. With the assistance of counsel, Petitioner appealed his conviction and sentence. The Mississippi Supreme Court assigned the case to the Mississippi Court of Appeals, which affirmed Petitioner's conviction and sentence. (Answer, Ex. A); *see also Peterson v. State*, 37 So. 3d 669 (Miss. Ct. App. 2010), *reh'g denied*, June 22, 2010 (Cause No. 2004-KA-00642-COA). Petitioner did not seek certiorari review of the decision.

---

[2] The employee also testified that water service had been turned off in 2001 due to nonpayment and had not been reconnected.

Petitioner, proceeding *pro se*, thereafter sought permission to proceed in the trial court with a petition for post-conviction collateral relief. The Mississippi Supreme Court denied Petitioner permission to proceed with a post-conviction motion. (*See* Answer, Ex. B) (Cause No. 2011-M-00360). Petitioner filed the instant petition on or about July 21, 2011, raising the following claims, as paraphrased by the Court:

Ground One: Petitioner's indictment was improperly amended, thereby denying him due process of law.

Ground Two: Counsel rendered ineffective assistance in failing to object to the motion to amend the indictment to charge the petitioner as an habitual offender.

Ground Three: Counsel rendered ineffective assistance in failing to prepare a defense of Petitioner's case.

Ground Four: Petitioner was subjected to an invalid search warrant, and the evidence obtained as a result of that warrant was admitted at trial in violation of his constitutional rights.

Ground Five: The trial court improperly denied Petitioner's motion to suppress evidence.

**Legal Standard**

The Court's review of Petitioner's claims is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), because his federal habeas petition was filed after the statute's effective date. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA prohibits the grant of federal habeas relief on any claim adjudicated on the merits in state court unless that adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established United States Supreme Court precedent; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the presented evidence. *See* 28 U.S.C. § 2254(d)(1) & (2); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

A state court's decision is "contrary to" Supreme Court law if (1) "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [its] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). The "unreasonable application" clause is reserved for decisions that either fail to identify the correct governing law, or that identify the correct governing law but misapply it to the case. *Id*. at 407-08. Under this standard, a state court's decision will not warrant federal habeas relief unless its application of federal law is both incorrect *and* unreasonable. *Garcia v. Dretke*, 388 F.3d 496, 500 (5th Cir. 2004) (emphasis in original) (citation omitted). A federal habeas court considers only the state court's conclusion when determining whether there has been an unreasonable application of federal law, and not the court's reasoning in reaching the decision. *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002).

## Discussion

### I. Indictment

In Ground One, Petitioner claims that the habitual offender portion of his indictment was defective, as the motion to amend the indictment failed to allege the correct dates of his prior criminal judgments. He argues that the order amending the indictment does not contain the correct date of judgment in Sunflower Circuit Court Cause No. 9620, and that the order should, therefore, be void. Respondents assert that this Court lacks jurisdiction over the issue complained of by Petitioner, as he has failed to allege the deprivation of a constitutional right.

In December 2001, Petitioner was indicted for possession of cocaine with intent to distribute as an habitual offender and a subsequent offender. (*See* SCR vol. 1, 14). The

4

indictment alleged that Petitioner had a 1992 federal conviction of possession of cocaine with intent to distribute, and that he had a September 14, 1987, felony conviction for the sale of marijuana in Cause No. 9620 in the Circuit Court of Sunflower County, Mississippi. (*Id.*). Petitioner's 1987 sentence in Cause No. 9620 was initially suspended but was later revoked, and a five-year sentence of imprisonment was imposed on January 29, 1990. (*See* SCR vol. 4, 446). On February 20, 2004, the State filed a motion to amend the habitual offender portion of the indictment to correct the date of Petitioner's sentence in Cause No. 9620 to January 29, 1990. (SCR vol. 1*,* 61; *see also* Answer, Ex. C). After determining that the amendment was one of form and not substance, and that no prejudice would result to Petitioner by the amendment, the Court ordered that the habitual offender portion of the indictment be amended to reflect the correct date of Petitioner's sentence in Cause No. 9620. (*Id.* at 61-62; SCR vol. 4, 446-452).

As Respondents argue, and the Court agrees, the sufficiency of a State indictment is not a matter for federal habeas relief unless it can be shown that the indictment was so defective that the convicting court had no jurisdiction. *See Riley v. Cockrell*, 339 F.3d 308, 313-14 (5th Cir. 2003); *Williams v. Collins*, 16 F.3d 626, 637 (5th Cir. 1994). In this case, the trial judge found that the original indictment sufficiently put Petitioner on notice of the exact convictions the State intended to use to support the habitual offender charge, and that because the indictment actually stated the date of the original conviction in Cause No. 9620, it was sufficient under the State's rules. (SCR vol. 4, 451).[3] Thereafter, the State introduced certified sentencing orders from both

---

[3] Uniform Circuit and County Court Rule 11.03(1) provides: "The indictment must include both the principal charge and a charge of previous convictions. The indictment must allege with particularity the nature or description of the offense constituting the previous convictions, the state or federal jurisdiction of any previous conviction, and the date of judgment."

of the prior convictions listed in the indictment. (SCR vol. 4, 452; SCR vol. 5, 453-66; *see also* Answer, Ex. C).

The Mississippi Court of Appeals determined that the State moved to amend the indictment against Petitioner merely to correct the sentencing date of one of the underlying felony convictions contained in the habitual-offender portion of the indictment, and that the original indictment put Petitioner on notice that the State intended to use these particular prior convictions to enhance his sentence. *See Peterson*, 37 So. 3d at 677. The Mississippi Supreme Court denied relief on this issue. (Answer, Ex. B; *see also* ECF No. 11-8, 3-6; 27-34).

The indictment, as amended, set forth the dates of the judgment of conviction on Petitioner's prior conviction in Sunflower County Circuit Court Cause No. 9620 as required by Mississippi law. *See* Miss. Code Ann. § 99-19-81 and U.C.C.C.R. 11.03. Evidence was presented as to these prior convictions, and the judge found the documents sufficient to support the habitual offender charges. (SCR vol. 5, 463; *see also* Answer, Ex. C). As the Mississippi Court of Appeals has recently noted, the "central concern" of accuracy in an indictment is not one of "technical pleading, but instead of sufficiency of notice." *Hill v. State*, 132 So. 3d 1069, 1072 (Miss. App. 2014). The Mississippi Supreme Court had jurisdiction to consider this matter, and therefore, this claim is not cognizable on federal habeas review.

## II. Ineffective Assistance of Counsel

In Grounds Two and Three, Petitioner claims that his trial counsel performed ineffectively. The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. *See, e.g., Yarborough v. Gentry*, 540

U.S. 1, 5 (2003). A federal habeas petitioner's claim that he was denied the effective assistance of counsel at trial is generally measured by the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, Petitioner must establish that (1) his trial counsel's performance was so deficient that it cannot be said that he was functioning as "counsel" within the meaning of the Sixth Amendment, and (2) the deficient performance prejudiced his defense. *See id.* at 687; s*ee also Boyle v. Johnson*, 93 F.3d 180, 187 (5th Cir. 1996) (finding that ineffective assistance of counsel claims are analyzed under the *Strickland* framework). The failure to prove either deficient performance by counsel or actual prejudice as a result of counsel's actions or omissions defeats a claim of ineffective assistance. *See Strickland*, 466 U.S. at 687; *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998). In a case where the state court has rejected the merits of a petitioner's ineffectiveness claim, the "pivotal question" in a federal habeas proceeding "is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 785 (2011) (citations omitted).

**A. Failure to object to the motion to amend the indictment.**

In Ground Two, Petitioner maintains that trial counsel was ineffective for failing to object to the motion to amend the indictment to charge him as an habitual and subsequent offender, because it allegedly failed to set out the dates of the judgment of his prior convictions. However, the State court record demonstrates that counsel lodged objections to the amendment of the indictment and renewed those objections through the sentencing hearing. (SCR vol. 4, 446-52; SCR vol. 5, 453-63). Therefore, the Court finds that the Mississippi Supreme Court was not unreasonable in finding that Petitioner's allegation failed to warrant relief under *Strickland*,

and habeas relief on this claim is denied.

**B. Failure to prepare for trial.**

In Ground Three, Petitioner argues that trial counsel failed to properly prepare for trial. Specifically, Petitioner contends that counsel failed to call additional witnesses to testify that he was not the only person with a key to the padlocked room where drugs were found.

As an initial matter, the Court notes that "[c]omplaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative." *Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001) (citations omitted). Petitioner fails to identify any witness could have given testimony that would have benefitted his case, as is required to sustain his claim. *See Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009) (requiring a petitioner claiming ineffective assistance on the basis of an uncalled witness to "demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense"). Petitioner's conclusory allegations do not raise a constitutional issue. *See, e.g., Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

Additionally, the Court notes that counsel cross-examined a State's witness thoroughly in an attempt to establish that Petitioner did not have exclusive use and access to the room where the drugs were found. (*See, e.g.*, SCR vol. 4, 352-355; 379-385; 399). Counsel is entitled to the presumption that he made a strategic decision as to which witnesses to call, and informed, strategic decisions "cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Geiger v. Cain*, 540 F.3d 303, 309 (5th Cir. 2008) (citations omitted); *see also Charles v. Stephens*, 736

F.3d 380, 390-91 (5th Cir. 2013). Therefore, Petitioner has not shown that counsel performed deficiently.

Even assuming that counsel did perform deficiently, however, Petitioner has failed to demonstrate any resulting prejudice. An error, even if professionally unreasonable, does not warrant setting aside a criminal judgment if the error had no effect on the judgment. *Summit v. Blackburn*, 795 F.2d 1237, 1242 (5th Cir. 1986). Petitioner has not demonstrated that, but for counsel's errors, the results of his proceedings would have been different. Therefore, the Court finds that the Mississippi Supreme Court was not unreasonable in finding that Petitioner's allegation failed to warrant relief under *Strickland*, and habeas relief on this claim is denied.

## C. Procedurally barred claims[4]

In Grounds Four and Five, Petitioner raises two claims that were not presented to the State's highest court for review. Although Petitioner presented these issues on direct appeal, his direct appeal was decided by the Mississippi Court of Appeals and not the Mississippi Supreme Court. The Mississippi Court of Appeals is not the State's highest court, but rather, it is an "inferior" or intermediary court. *See, e.g., Marshall v. State*, 662 So. 2d 566, 570-72 (Miss. 1995). Mississippi law provided Petitioner with the opportunity, under Rule 17 of the Mississippi Rules of Appellate Procedure, to petition the Mississippi Supreme Court for certiorari review of the Court of Appeals's decision denying his motion for rehearing. *See* Miss.

---

[4] Respondents assert, and the Court, agrees, that to the extent the claims in Grounds Four and Five allege a violation of Petitioner's Fourth Amendment rights, such claims are further precluded from federal habeas review pursuant to the holding in *Stone v. Powell*, 428 U.S. 465, 494 (1976) (holding that where a state prisoner has been provided an opportunity to fully and fairly litigate a Fourth Amendment claim, he may not be granted federal habeas relief on the ground that the evidence obtained in an unconstitutional search or seizure was introduced at his trial).

R. App. P. 17. Petitioner failed to timely seek Rule 17 review. By failing pursue Rule 17 review, Petitioner forfeited his right to seek discretionary review with the Mississippi Supreme Court, which is the State's highest court.

Because Petitioner did not present these claims to the State's highest court in a procedurally proper manner, he has failed to properly exhaust his State court remedies as is required by 28 U.S.C. § 2254(c). *See O'Sullivan v. Boerckel*, 526 U.S. 838, 838-39 (1999) (holding that a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement). Petitioner argues in his traverse that he presented the issues to the Mississippi Supreme Court, and that by assigning the matter to the Court of Appeals, the Supreme Court decided not to hear the case. However, the AEDPA states that an applicant "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, **by any available procedure**, the question presented." 28 U.S.C. § 2254(c) (emphasis added). Petitioner did not attempt to utilize Rule 17 review in this case.

Petitioner cannot now seek certiorari review of the decision of the Mississippi Court of Appeals, as the time for seeking certiorari review expired fourteen days after rehearing was denied on June 22, 2010. *See* Miss. R. App. P. 17(b) (allowing fourteen days to file a petition for writ of certiorari following the entry of judgment on the motion for rehearing ). Because Petitioner no longer has an avenue through which to pursue his claims in State court, they are "technically exhausted" and therefore procedurally defaulted for purposes of federal habeas review. *See Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995); *see also Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001) ("If a petitioner fails to exhaust state remedies, but the court to

which he would be required to return to meet the exhaustion requirement would now find the claims procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief.").

Petitioner can obtain federal habeas review of a defaulted claim by demonstrating cause for the default and actual prejudice as a result, or that failure to consider the claim would result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "Cause" in this context is something external to the petitioner that cannot be fairly attributed to him. *Id.* at 753. While attorney error may constitute "cause" in some instances, attorney error that is not constitutionally ineffective will not excuse a procedural default. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Petitioner argues that his attorney failed to inform him that he could file a *pro se* motion for certiorari review. However, the right of counsel does not carry over to discretionary appeals from an intermediate appellate court to a state supreme court. *See, e.g., Jackson v. Johnson,* 217 F.3d 360, 365 (5th Cir. 2000) (holding that "a criminal defendant has no constitutional right to counsel on matters related to filing a motion for rehearing following the disposition of his case on direct appeal"); *Moore v. Cockrell*, 313 F.3d 880, 882 (5th Cir. 2002) (citing *Ross v. Moffitt*, 417 U.S. 600, 619 (1974) for the proposition that there is no right to counsel for discretionary reviews in state court). Accordingly, counsel's failure to advise Petitioner as to the possibility of certiorari review in the Mississippi Supreme Court does not constitute cause for the default. Because Petitioner fails to demonstrate cause, the Court need not question whether there is prejudice. *See Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996).

The Court notes that the "fundamental miscarriage of justice" exception is confined to

11

cases of actual innocence where the petitioner shows, as a factual matter, that he did not commit the crime of conviction. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citation and internal quotation marks omitted). A petitioner claiming this exception must present new, reliable evidence and show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* (citation omitted). Petitioner does not assert that he is actually innocent of the crimes for which he has been convicted.

Therefore, the Court finds that Petitioner has not demonstrated "cause" for his defaulted claims, or that a fundamental miscarriage of justice would result from the Court's failure to consider them. Accordingly, the claims raised in Grounds Four and Five are barred from federal habeas review.

## Certificate of Appealability

Petitioner must obtain a certificate of appealability ("COA") before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). A COA will not issue unless Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a COA on any claim rejected on its merits, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* The Court concludes that a COA should be denied in this case.

## Conclusion

It is hereby ordered that Petitioner's petition for a writ of habeas corpus is **DENIED**, and that this action is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Any pending motions are **DISMISSED AS MOOT**. A final judgment in accordance with this opinion and order will issue today.

**SO ORDERED, THIS** the 25th day of June, 2014.

 /s/ Sharion Aycock
**U.S. DISTRICT JUDGE**